UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| TERRY POSS and DEBBIE HUNTOON, | ) | |
| *Plaintiffs*, | ) | |
| v. | ) | Case No. 1:07-cv-206 |
| CHATTANOOGA GAS COMPANY and AGL RESOURCES INC., | ) | Judge Mattice |
| *Defendants.* | ) | |

**MEMORANDUM**

On August 30, 2007, Defendants removed the instant case to this Court pursuant to 28 U.S.C. § 1441, and averred that the Court has original jurisdiction over the matter pursuant to 28 U.S.C. § 1331. (*See* Court Doc. No. 1, Notice of Removal.) Plaintiffs dispute that § 1331 affords this Court jurisdiction, and therefore submit their instant Motion to Remand (Court Doc. No. 5).

## I. FACTS

Plaintiff Mr. Poss is a former employee of Defendants. (Court Doc. No. 1-2, Compl. ¶ 2.) Mr. Poss and AGL Resources, Inc. entered into a Separation Agreement. The parties are in apparent agreement that neither the face of the Separation Agreement nor the vested benefits under the Retirement Plan it references provide for continued health insurance coverage until Mr. Poss's 66th birthday. (*Cf*. Mot. to Remand 1; Court Doc. No. 6, Answer ¶ 9)[1] Instead, Plaintiffs allege that Defendants

[1] Defendants submit the Affidavit of Myra Grizzle, as Manager of Employee Benefits for AGL Resources, Inc. (Court Doc. No. 8-2, Aff. of Myra Grizzle ¶3.) Although Ms. Grizzle represents that "Plaintiffs are seeking benefits under the Health and Welfare Plan for Retirees and Inactive Employees"

orally promised continued health insurance coverage. (Mot. to Remand 1.) When Defendants denied Mr. Poss continued health insurance coverage, he filed the instant action based on, *inter alia*, state contract law. (*See* Compl.)

## II. ANALYSIS

Remand under 28 U.S.C. § 1447(c) is proper "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction . . . ." *Id.* When reviewing a motion to remand, the Court must resolve all doubts in favor of a remand to state court, and the party opposing remand has the burden of establishing federal jurisdiction by a preponderance of the evidence. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1983) (citing *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)); *see also Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000).

Subject matter jurisdiction in the instant case hinges on whether one of Plaintiffs' causes of action arises under federal law, as provided by § 1331. Ordinarily, courts determine whether a particular case arises under federal law by applying the " 'well-pleaded complaint' " rule, under which "a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law," regardless of applicable defenses. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 9-10 (1983) (emphasis removed).

---

(*Id.* ¶3), her statement is both factually conclusory (in that she does not support it with evidence or explanation) and a conclusion of law (in that she purports to delineate the scope of the benefit plan). As such, the Court disregards Ms. Grizzle's conclusion. *Van Winkle & Co. v. Crowell*, 146 U.S. 42, 49 (1892) (Opinion testimony providing legal conclusions is not admissible). While the Court notes that certain "voluntary early retirement incentive plan[s]" are governed by ERISA, 29 U.S.C. § 1002(2)(B), nothing in the Record suggests that (1) the Separation Agreement itself is made pursuant to such a plan, or (2) that the Retirement Plan referenced in the Separation Agreement granted Mr. Poss health insurance until his 66th birthday. Accordingly, nothing before the Court suggests that any ERISA-governed benefit plan extended health insurance coverage to Mr. Poss until his 66th birthday.

There is an exception, however, to the well-pleaded complaint rule. "[W]hen a federal statute wholly displaces the state-law cause of action through complete pre-emption," the state claim can be removed. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003). Section 502(a) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a), is one of these few statutes that completely preempts the field so as to provide jurisdiction under § 1331. *Metro. Life Ins., Co. v. Taylor*, 481 U.S. 58, 63-64 (1987); *Warner v. Ford Motor Co*., 46 F.3d 531, 535 (6th Cir. 1995). Thus, Plaintiffs' Motion to Remand requires the Court to determine whether at least one cause of action set forth in Plaintiffs' Complaint is completely preempted by § 502(a) of ERISA.

Section 502(a)(1)(B) provides that "[a] civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . . ." ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).[2] A key inquiry in determining if a plaintiff's cause of action in completely preempted by § 502(a)(1)(B) is whether the cause of action is based on the terms of the "ERISA-regulated employee benefit plan" itself, as opposed to an independent legal duty. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004); *see also Briscoe v. Fine*, 444 F.3d 478, 499 (6th Cir. 2006) (finding complete preemption because "[a]ny duty to disclose the

---

[2] At issue in the instant case is complete preemption under § 502(a)(1)(B). Analogous cases addressing general ERISA preemption under ERISA § 1003(a), 29 U.S.C. § 1114(a), are of little relevance. *See, e.g., Hardy v. Midland Enters*., 66 Fed. App'x 535, 540, (6th Cir. 2003) (holding that an employee's breach of contract claim based on an employer's pre-retirement representation regarding post-retirement cost of health plan subject to general ERISA preemption under § 1003(a)). "State causes of action not covered by [§ 502(a)(1)(B)] may still be subject to a preemption claim under [§ 1003(a)] because the state law at issue may 'relate to' a pension or employee benefit plan. But such actions are not subject to removal." *Warner v. Ford Motor Co.*, 46 F.3d 531, 535 (6th Cir. 1995); *see Thurman v. Pfizer, Inc*., 484 F.3d 855, 860-61 (6th Cir. 2007).

financial condition of the plan that the [defendant] might have owed to the plan beneficiaries arose not out of an independent source of law, but out of the existence and nature of the [ERISA] plan itself . . .“). “In other words, if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and *where there is no other independent legal duty that is implicated by a defendant's actions*, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B). *Davila*, 542 U.S. at 210 (emphasis added); *see also Hutchison v. Fifth Third Bancorp*., 469 F.3d 583, 588 (6th Cir. 2006) (applying *Davila* to a state law breach of contract claim, and finding it completely preempted because “an action exclusively under the control of ERISA law—deciding whether to grant benefits—was a necessary element of the” claim). The courts’ reasoning in *Davila* and *Hutchison* reveals a clear rule: When the decision to award benefits under an ERISA benefit plan is a necessary element of a plaintiff’s state law cause of action, that cause of action does not present a legal duty independent of those imposed by ERISA, and it is therefore completely preempted by § 502(a)(1)(B). *See Davila*, 542 U.S. at 213; *Hutchison*, 469 F.3d at 588. It is this rule that the Court must apply to Plaintiffs’ Complaint.

Plaintiffs assert, *inter alia*, a state-law breach of contract clam based on the Separation Agreement. They allege that under this agreement Defendants’ representative promised Mr. Poss post-termination health insurance through his 66th birthday. (*See* Compl. ¶ 11.) Plaintiffs seek specific performance, the cost of replacement insurance, or rescission. (*Id.* ¶ 13-14.) Plaintiffs do not contest that Mr. Poss’s health insurance was, at the time of his employment, an ERISA-plan benefit. Instead, in arguing against complete preemption, Plaintiffs emphasize that Defendants

owe Mr. Poss continued coverage under an independent, contractual obligation. In short, Plaintiffs argue that their breach of contract claim "in no way involves the administration of an employee benefit plan" under ERISA because they are seeking health insurance coverage pursuant to the Separation Agreement, and not an ERISA benefit plan. (Mot. to Remand 5.) As set forth above, the question posed by Plaintiffs' argument is whether the decision to award benefits under an ERISA benefit plan is a necessary element of a Plaintiff's claim. *See Davila*, 542 U.S. at 213; *Hutchison*, 469 F.3d at 588.

Unlike the state law claims asserted in *Davila* and *Hutchison*, a decision to award benefits under an ERISA plan is not a necessary element of Plaintiffs' breach of contract claim.[3]

> In *Davila,* plaintiffs relied on a Texas statute that held managed care entities liable for damages proximately caused by an entity's failure to exercise ordinary care when making health care treatment decisions. The Supreme Court noted that the duties that the Texas statute imposed do not arise independently of ERISA or the plan terms. . . . Thus, ERISA preempted the state claim because an action exclusively under the control of ERISA law—deciding whether to grant benefits—was a necessary element of the state-law cause of action.

*Hutchison*, 469 F.3d at 588 (quoting *Davila*, 542 U.S. at 204, 212-13) (internal citations and quotations omitted). According to the state tort claim at issue in *Davila*, the defendants could not be liable for denying coverage for treatment not covered by the ERISA-governed health care plan. *Davila*, 542 U.S. at 213. Thus, the state tort claim

[3] The Court is aware of district courts faced with similar, but not the same, issues. See, for example, *Switzer v. Hayes Wheels International, Inc*., in which the United States District Court for the Eastern District of Michigan held that a suit for breach of contract for severance benefits "clearly implicate[s] ERISA benefits and [is], in essence, § 502 claim[]." 976 F. Supp. 692, 694 (E.D. Mich. 1997). The court did not, however, state whether the plaintiff alleged a contractual obligation to provide severance benefits separate and apart from those afforded by the ERISA benefit plan. Therefore, cases like *Switzer* are of little assistance to this Court in applying *Davila*. Likewise, *Moreau v. W. Ky. Energy Corp.*, No. 4:06cv-24M, 2006 WL 2375595 (W.D. Ky. Aug. 15, 2006), is inapposite to the case at bar because it involves a breach of contract suit based directly on an ERISA-governed severance plan.

hinged on the defendant's interpretation of the ERISA plan, because the defendants' liability was dependent upon whether the treatment the plaintiff's members sought was covered under the ERISA plan. *Id.*

In applying *Davila*, the United States Court of Appeals for the Sixth Circuit analyzed a plaintiffs' breach of contract claim based on a merger agreement in which the defendant "guaranteed that the [plaintiff's] pre-merger employee benefit plan would receive funds from [the defendant's] general assets if certain conditions were met." *Hutchison*, 469 F.3d at 584. The plaintiffs alleged that the defendant's act of amending an employee stock ownership plan, which was governed by ERISA, amounted to a breach of the merger agreement. *Id.* at 586. The court reasoned that the defendant's "decision to amend the ERISA plan, making its current employees beneficiaries at the expense of [and to the exclusion of the plaintiffs], is just as much a subject of ERISA regulations as the benefit determination in *Davila*." *Id.* at 588. The court concluded that "ERISA preempted the state [breach of contract] claim because an action exclusively under the control of ERISA law—deciding whether to grant benefits—was a necessary element of the state-law cause of action," and was therefore completely preempted by § 502(a)(1)(B). *Id*.

In the instant case, unlike in *Davila*, coverage of a specific treatment—or class of treatments—is not at issue. Plaintiffs merely seek continued health insurance coverage. They take issue with the duration of coverage, not the substantive scope of coverage. Unlike in *Davila*, Plaintiffs' claim does not hinge on the language of the ERISA-governed healthcare plan itself, or on the Retirement Plan referenced in the Separation Agreement. Instead, Plaintiffs seek to enforce an alleged oral contract.

And in contrast to the plaintiffs in *Hutchison*, Plaintiffs here do not take issue with Defendant's choice to amend an ERISA-governed plan which affects a class of beneficiaries. Instead, Plaintiffs argue that Defendants' choice not to extend a single benefit—continued health insurance—was contrary to their earlier oral representation. The Supreme Court has generally remarked that ERISA "does not refer to state laws relating to employee benefits, but to state laws relating to employee benefit plans . . . ." *Fort Halifax Packing Co., Inc. v. Coyne*, 482 U.S. 1, 7 (1987) (addressing general preemption pursuant to § 1003(a)).

Accordingly, the Court concludes that no ERISA-governed action comprises a necessary element of Plaintiffs' breach of contract action. Instead, according to Plaintiffs' allegations, Defendant had an "independent legal duty" to extend Mr. Poss's health insurance. *Davila*, 542 U.S. at 210. At most, Plaintiffs refer to ERISA-governed benefits to which Mr. Poss was entitled to *while employed by Defendants* in order "to articulate specific, ascertainable damages . . . ." *Marks v. Newcourt Credit Group, Inc*., 342 F.3d 444, 453 (6th Cir. 2003). This is an insufficient basis upon which to find complete preemption. *Briscoe*, 444 F.3d at 499. Stated another way, nothing in the record suggests that Plaintiffs could have proceeded under ERISA. Neither party has submitted anything to show that an ERISA-governed plan may grant what Plaintiffs are now asking for—namely, post-separation health insurance until Mr. Poss's 66th birthday. Therefore, the Court cannot conclude that "at some point in time, [Plaintiffs] could have brought his claim under ERISA § 502(a)(1)(B) . . . ." *Id.*

## III. CONCLUSION

For the reasons set forth above, the Court holds that Plaintiffs' breach of contract cause of action is not completely preempted by ERISA § 502(a)(1)(B). Accordingly, Plaintiff's Motion to Remand [Court Doc. No. 5] is **GRANTED**.

A separate Order will enter, and the Clerk is directed to mail a certified copy of such Order to the Chancery Court Clerk and Master for Hamilton County, Tennessee.

SO ORDERED this 19th day of November, 2007.

*/s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE